United States District Court
Southern District of Texas

**ENTERED**

May 23, 2018

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSUE GONZALES-RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 7:17-CV-170 |
| VS. | § | |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Josue Gonzalez-Rodriguez, a state prisoner proceeding pro se, initiated this action in March 2017 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.)  In August 2010—more than six years before Petitioner filed this action—a jury found him guilty of capital murder, and he was sentenced to a term of life imprisonment.  The evidence against Petitioner was overwhelming, including his own confession and the testimony of co-conspirators and an eye witness.  In seeking federal habeas corpus relief, Petitioner raises several claims, including that his trial attorney rendered ineffective assistance of counsel and that the state court violated his constitutional rights by failing to suppress his confession.  Respondent has moved for summary judgment, contending that the petition is time barred.  (Docket No. 5.)  Petitioner did not file an opposition to the motion.

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that this action should be dismissed.  As explained further below, Petitioner filed this federal habeas action long after the applicable one-year limitations period expired, and the circumstances here do not qualify for either statutory or

equitable tolling.   Accordingly, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed as untimely.

## I.  BACKGROUND[1]

### A.      Underlying Conviction

On June 9, 2009, a grand jury in Hidalgo County, Texas, indicted Petitioner for the offense of capital murder.   The indictment alleged that Petitioner, "intentionally or knowingly cause[d] the death of an individual . . . by shooting him with a firearm, for remuneration or the promise of remuneration . . . , to-wit: money."  (Docket No. 6-9, at 5.)  Petitioner pleaded not guilty to the indictment and proceeded to trial.

The evidence at trial showed that Petitioner shot and killed Ruben Varela in a contract killing.  Jose Juan Varela hired Petitioner to kill his brother, Ruben, apparently because Jose's family had recently learned that he was using funds from the family business to satisfy his cocaine addiction and had restricted his access to those funds.  Petitioner received $3,500 for killing Ruben Varela.   The evidence included an eye witness who identified Petitioner as the shooter, and two co-conspirators who testified that Petitioner agreed to kill the victim for money.  The evidence also included Petitioner's own confession.   Notwithstanding his confession, Petitioner argued that this was a case of mistaken identity (among other things).  (Docket No. 6-21, at 10-19; Docket No. 6-26, at 42-80.)

The jury was apparently unpersuaded by this argument.  They returned a verdict on August 13, 2010, finding Petitioner guilty of capital murder, and the District Judge sentenced

---

[1] The facts and procedural history set out in the next two sections are taken from the State Court Record filed in this case and the documents submitted by Petitioner and Respondent.  (*See* Docket Nos. 1, 5, 6.)

him to life imprisonment without the possibility of parole.  (Docket No. 6-9, at 65, 68; Docket No. 6-27, at 22.)

In his direct appeal, Petitioner raised one issue asserting that the trial court erred by refusing to suppress his written statement confessing to the murder-for-hire.  *Gonzalez Rodriguez v. State*, No. 13-10-585-CR, 2012 WL 4758066 (Tex. App.—Corpus Christi Oct. 4, 2012, pet ref'd).   The court of appeals rejected this argument and affirmed Petitioner's conviction. Petitioner then filed a petition for discretionary review, which the Texas Court of Criminal Appeals refused on March 20, 2013.  (*See* Docket No. 6-1, at 1; Docket No. 6-5, at 1.)  Petitioner did not file a petition for a writ of certiorari with the U.S. Supreme Court.[2]

**B.    State Habeas Application and Federal Claims**

On May 8, 2014, Petitioner filed a state application for writ of habeas corpus.[3]  (Docket No. 6-35, at 7, 23.)    Petitioner challenged his conviction on several grounds, including ineffective assistance of trial counsel, a legal challenge to his confession, and a violation of due process based on the "accumulation of errors" during the proceedings.  On July 22, 2014, the presiding state district court judge entered findings of fact.  On October 8, 2014, the Texas Court

---

[2] On June 13, 2013, Petitioner attempted to file a writ of certiorari, which he apparently intended to go to the U.S. Supreme Court.  However, instead of mailing it to the U.S. Supreme Court, he sent it to the "Assistant District Attorney at Hidalgo County Courthouse."  (Docket No. 6-31, at 18.)  Petitioner captioned the writ of certiorari as follows: "In the Supreme Court of the United States, June Term 2013."  (*Id.* at 3, 8.)   To make things more confusing, he also entitled it "Petition for a Writ of Certiorari to the Thirteenth Court of Appeals, Corpus Christi, Texas."  (*Id.* at 3, 8.)  On July 3, 2013, the Texas Court of Criminal Appeals denied Petitioner's application for writ of certiorari.  (*Id.* at 2.)  In any event, Petitioner's attempt to file a writ of certiorari did not affect the finality of his state court proceedings because it was not properly filed with the U.S. Supreme Court.  *See*  SUP. CT. R. 13(1) ("a petition for a writ of certiorari . . . is timely filed when it is filed with the Clerk of this Court"); *see also Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002) ("a federal conviction becomes final for purposes of AEDPA's one-year limitation period when the Supreme Court denies the petition for writ of certiorari").

[3] Although his state habeas application was filed on May 12, 2014, Petitioner signed it on May 8, 2014.  Giving Petitioner the benefit of the doubt, that is the earliest date that it could be considered filed.

of Criminal Appeals denied Petitioner's state habeas application "without written order on findings of trial court without hearing."

On March 21, 2017,[4] Petitioner filed the instant federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Docket No. 1.)  In his federal petition, Petitioner challenges his conviction on the same grounds that he asserted in his state writ, specifically: 1) his trial attorney rendered ineffective assistance of counsel for failing to object to the jury charge and failing to allow him to testify on his own behalf; 2) his constitutional rights were violated because his confession was not made pursuant to a proper waiver; and 3) his due process rights were violated based on the accumulation of errors.  (*Id.* at ¶ 20.)

In answer to the Petitioner, Respondent moves for summary judgement on the ground that the "petition should be dismissed with prejudice as barred by the federal statute of limitations."  (Docket No. 5, at 6.)  Respondent also asserts that Petitioner's claims are not subject to statutory or equitable tolling.  (*Id.* at 9-13.)  Petitioner filed no response to the motion for summary judgment, which the District Court may take "as a representation of no opposition." S.D. TEX. CIV. R. 7.4.  Nevertheless, in an abundance of caution and in light of Petitioner's pro se status, the motion will be analyzed on its merits.

---

[4] This is the date that Petitioner signed his federal habeas petition, which is the earliest date that it could be considered filed.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) ("[A] habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.").  Respondent argues that Petitioner should not be given the benefit of the mailbox rule "because he did not utilize the prison mail system to mail his petition"; rather, it was "filed by an unknown agent or third party on petitioner's behalf."  (Docket No. 5, at n.3.) However, this is unclear.  On the one hand, Petitioner signed his petition on March 21, 2017, asserting "under the penalty of perjury" that he placed the petition "in the prison mailing system."  (Docket No. 1, at 12.)  On the other hand, Petitioner also asserts that he personally sent a copy of the petition to the Clerk of the U.S. District Court, Southern District of Texas, McAllen Division.  (*Id.* at 2, 33.)  In any event, the six-day discrepancy between the time Petitioner claims to have mailed the petition and when it was ultimately received by the Clerk does not affect the timeliness of the petition.  *See infra* Part II.A.

## II.  ANALYSIS

Petitions for habeas corpus relief filed in federal court are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA established a one-year period for filing habeas corpus petitions by persons in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).[5]  In most cases, the one-year period of limitation runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).

Judgment was entered in Petitioner's case on August 13, 2010, and he had until September 13, 2010, to timely file a direct appeal.  *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal timely filed 30 days after the entry of sentence).  Petitioner filed his direct appeal on

_____

[5]  The full text of the AEDPA limitations provision reads as follows:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d).

5

August 31, 2010, and it was pending until October 4, 2012, when the Thirteenth Court of Appeals rejected Petitioner's argument and affirmed his conviction.  *Gonzalez Rodriguez v. State*, No. 13-10-585-CR, 2012 WL 4758066 (Tex. App.—Corpus Christi Oct. 4, 2012, pet ref'd.).  Petitioner filed a petition for discretionary review to the Texas Court of Criminal Appeals, which was refused on March 30, 2013.  Therefore, Petitioner's conviction became final on June 28, 2013, when the time for seeking further review in the U.S. Supreme Court expired.  *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when the time for filing further appeals expires, which includes "the ninety-day period to seek further review with the Supreme Court").

Absent some form of tolling, the AEDPA one-year limitations period expired on June 30, 2014.  Because Petitioner did not file his federal habeas petition until March 21, 2017, this action was filed over two years too late.[6]  Although Petitioner does not contend that the limitations period was tolled, the possibility of both statutory and equitable tolling will be considered in light of his pro se status.

A.      **Statutory Tolling**

Section 2244(d)(2) provides that the one-year limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).  As such, Petitioner's post-conviction application and other relevant collateral filings will be evaluated to determine if they tolled the limitations period.

Petitioner filed two potentially relevant collateral matters, which were pending during the following periods:

1)      State habeas application:  May 8, 2014, to October 8, 2014 (154 days)

---

[6] As explained previously, March 21, 2017, is the earliest date that the petition could be considered filed.  *See supra* n.4.

6

2)      Writ of certiorari:  June 13, 2013, to July 3, 2013 (21 days)

Together, these state court filings were pending a total of 175 days.  Even assuming that both of these filings could toll the AEDPA limitations period, it would only extend the deadline for the filing of Petitioner's federal petition to December 21, 2014.[7]  Petitioner thus filed his federal habeas petition over two years too late, and this action is barred by the AEDPA statute of limitations.

**B.      Equitable Tolling**

Because the one-year AEDPA limitations period is not jurisdictional, there is the possibility that it may be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649.   In *Holland*, the Supreme Court stressed that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied" and that this determination is "made on a case-by-case basis."  *Id.* at 650, 652.  The Fifth Circuit has explained that "equitable tolling is warranted only in 'situations where the plaintiff is actively misled by the defendant ... or is prevented in some extraordinary way from asserting his rights.'"  *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)). The record reflects no such extraordinary circumstances present here.

---

[7] Respondent argues that Petitioner's state application for writ of certiorari should not toll the limitations period.  (Docket No. 5, at 9.)  As previously noted, it is unclear whether Petitioner intended his writ of certiorari to be directed to the U.S. Supreme Court or to the Texas Court of Criminal Appeals.  *See supra* n.2.  This issue need not be resolved because, as discussed above, Petitioner's federal petition is untimely even if it were appropriate to toll the limitations period during the time in which his writ of certiorari was pending.

7

Liberally construed, Petitioner may contend that equitable tolling should apply based on his assertion that he "was misled by the erroneous advise of [his] attorney, in which [his] attorney told [him] that after [his] Direct Appeal had been exhausted that there was no time-table to file [his] 2254 federal habeas corpus." (Docket No. 1, ¶ 26.)  Petitioner also makes reference to being a "'layman' of the law." (*Id.*)  However, such circumstances clearly do not satisfy the standard for equitable tolling.

To begin with, Petitioner has failed to show that some "extraordinary circumstance" prevented him from timely filing his petition.  *Holland*, 560 U.S. at 649.  His bald assertion that he was "misled" by his attorney is unsupported in the record.  In any event, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also Lawrence v. Florida*, 549 U.S. 327, 336-36 (2007) ("Attorney miscalculation [of the limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").  Likewise, pro se status alone will not excuse a petitioner's "ignorance of the law." *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992).

In addition, Petitioner has failed to show "that he has been pursuing his rights diligently." *Holland*, 560 U.S. at 649.  Equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)).  Here, Petitioner's petition for discretionary review was denied on March 20, 2013.  Yet he waited until May 8, 2014—over one year—to file his first state application for writ of habeas corpus.  At that point, the statute of limitations had already almost expired. Petitioner then delayed over two years after his state application was denied before filing his federal petition.  Such delay is inconsistent with the due diligence necessary to invoke equitable

tolling. *See Manning*, 688 F.3d at 185-86 (finding that the petitioner did not act diligently when he waited 19 months after he knew his conviction became final).

Because this case presents no extraordinary circumstances and because Petitioner did not act promptly to preserve his rights, equitable tolling does not apply, and Petitioner's federal habeas claims are time barred.

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 5) be GRANTED, that Petitioner's § 2254 habeas petition (Docket No. 1) be DENIED, and that this action be DISMISSED.  For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS.  Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a COA as to claims denied

on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding).   An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.   As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds.  For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that all of Petitioner's claims are barred by the AEDPA one-year limitations period.  Accordingly, Petitioner is not entitled to a COA.

### <u>NOTICE TO THE PARTIES</u>

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on May 22, 2018.

Peter E. Ormsby
United States Magistrate Judge